**LAW OFFICE OF ROBERT M. GREGORY, P.C.**
Robert M. Gregory, State Bar No. 021805
1930 S. Alma School Road, Suite A-115
Mesa, Arizona 85210
Telephone: (480) 839-4711
Facsimile: (480) 452-1753
Robert.gregory@azbar.org
*Attorney for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| FRANCES ALDAY; JANICE ALESHIRE; MARK AGRAVES; FRANK ARMENTA; MILORAD ARNOKOVICH; LEONARD BECWAR; JOAN BERNAL; IRMA BRAVO; JANE BRAVO; THURMAN BROOKS; HOWARD BROWNSTEIN; MARLENE BURGER; JAMES BYRNES, SR.; DAVID CARLESS; JOE CARRASCO; LIPA CARRASCO; ROSEMARY CESARE; ERNIE CORRAL; RACHEL DELACRUZ; JOAN DONNELLY; PATRICK ECCLES; LUCY ESPARZA; REBECCA FEDERICO; JERRY FITCH; DICKIE FLORES; ALICE GALLARDO; PATRICIA GARCIA; SANDRA GARY; RICHARD GEHRKE, SR.; DONALD GENUNG; RONALD GEUDER; KATHLEEN GLASER; GEORGE GONZALES; JEANETTE GRAY; JOSE GUTIERREZ; JEANNE HARRIS; ROBERT HARRIS; GLORIA HERNANDEZ; ELOISE HERRAN; GERALD HOTCHKISS; SHARON HUDSON; JOHN JACKSON; JOE KEIFLIN; LARRY KIDNEY; CLARE L'ARMEE; DAVID LILLIE; LESLIE LLAMAS; ERIC MARTINEZ; JIMMIE MARTINEZ; MARIA MARTINEZ; MARY MCKENNA; PATRICIA MCPHERON; JOSEPHINE MEADOWS; ROY MESA; BILL MEYER; THOMAS MILLER; MICHAEL MINCHEFF; CARMEN MIRANDA; LARRY MITCHELL; HENRY MODRZEJEWSKI; LOIS MOORE, HEIDE MORAN; GRACE MORENO; ABDO MORGAN; CARLOS OCHOA; FELICITA ORTEGA; JUAN ORTIZ; | Case No.<br><br>**COMPLAINT** |

| | |
|---|---|
| RICHARD PAYNE; LARRY POLLOCK; CLIFTON PRICE; JACK QUATTLEBAUM; IGNACIO REA; JACK ROBINSON; BRUCE ROGERS; JENNIE SAENZ; ROBERT SAGER; ESPERANZA SALTZBERRY; RUSSELL SCIRA; JEANNIE SIDES; DAVID SIMS; JEROLD SMALL; MARY SMALL; JAMES SMITH, JR.; JULIA SOLTERO; MICHAEL SOMMER; GINA SOTO; DONALD SPROSS; RONALD STALLINGS; DONALD STRAUSS; JAMES SULLIVAN; MARY TERPENING; JOHN TERRY; DONALD ULLIMAN; MARTHA VILLA; STEVE VUICH; LAWRENCE WICKERSHAM; MARY WILLIAMS; GEORGE ZUKOWSKI; <br><br>          Plaintiffs; <br><br>     v. <br><br> RAYTHEON COMPANY, a Delaware corporation; <br><br>          Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Plaintiffs (hereinafter, "Plaintiffs") bring this action to recover medical and other benefits due under Defendant Raytheon Company's (hereinafter, "Defendant") retiree Health Benefits Plan (the "Plan") and for declaratory, injunctive and equitable relief and statutory penalties to remedy Defendant's wrongful termination of benefits under the Plan and Defendant's failure to comply with the provisions of the Employment Retirement Income Security Act of 1974, as amended ("ERISA"), and with the Labor Management Relations Act ("LMRA").

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to §§ 502(e), (f) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(e),(f), and pursuant to § 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185.

2. Jurisdiction is also based on § 502(a)(1)(A), (a)(1)(B), (a)(2) and (a)(3) of ERISA, 29 U.S.C. §§ 1132(a)(1)(A), (a)(1)(B), (a)(2), (a)(3) and on 28 U.S.C. § 1331, as this action arises under ERISA, 29 U.S.C. § 1001 et seq., a federal statute.

3. Venue is proper under § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) because the breach took place in Arizona and because Defendant conducts business and may be found in Arizona.

## PARTIES

4. Plaintiffs are "participants" in an employee welfare benefit plan within the meaning of §3(7) of ERISA, 29 U.S.C. § 1002(7).

5. Defendant, Raytheon Company ("Raytheon" or "Defendant") is, upon information and belief, a corporation incorporated in the State of Delaware and licensed to do business and doing business in the State of Arizona.

6. The Plan is an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), which was established and is maintained for the purpose of providing for its participants and their beneficiaries, *inter alia,* certain medical coverage benefits.

## STATEMENT OF FACTS

7. The persons identified herein as Plaintiffs, and each of them, are retirees from Raytheon Company, or its predecessor, Hughes Missile Systems Company ("Hughes"), or the spouse or dependent of a retiree.

8. Hughes and the International Association of Machinists and Aerospace Workers Local Old Pueblo Lodge No. 933 (the "Union") entered into an agreement effective October 23, 1993 (the "1993 Agreement"). Article XIII of the Agreement enumerated and provided for various group benefits available to active employees of Hughes and retirees. Specifically, Article XIII, Section D of the Agreement provided for Company-paid retiree medical coverage, and further provided that such coverage extended beyond the term of the Agreement. Section D provided, in relevant part, as follows:

> Section D.    Retired Employees Medical Benefits
>
> 1.    For employees who hereafter retire, with at least three (3) years of continuous participation in the contributory option of the Retirement Plan immediately preceding the employee's date of retirement, and who are at least age 55 but less than age 65 and who have five (5) or more years of continuous employment with the Employer, the Employer agrees to continue to provide the Comprehensive Medical Plan coverages for which they were covered while active employees, *until the retired employee attains age 65, and shall likewise continue the same Comprehensive Medical Plan coverages*

> *for his or her eligible spouse until the spouse attains age 65.* Coverage shall be continued under this provision for the retired employee's dependent child until the child reaches age twenty-one (21), or age twenty-five (25), if attending an accredited college, university, or career-oriented educational institution which requires regular full-time attendance in a predetermined training syllabus with a set pattern of progression towards completion of the program.
>
> 5.  For employees retiring under the provisions of the Contributory Option of the Retirement Plan referenced in this Section D, paragraph 1, who retire with annuity start dates on or after January 1, 1993, the retiree medical benefit will be administered as follows…*(e) there is no weekly premium/charge for the Preferred Plan, the Hughes Medical Plan, or an HMO.*

(emphasis added).

9. Article XIII, Section D, paragraph 2 also provided, in relevant part, the following:

> 2.  Retiree Employees Medical Benefits will be administered by the Employer in accordance with the provisions of the Comprehensive Medical Plan Document prepared by the Employer.

10. The Agreement was revised effective October 28, 1996 (the "1996 Agreement"): however, Company-paid retiree coverage under Section D of the 1993 Agreement remained available to eligible employees and their spouses until attainment of age 65. Effective December 12, 1997, Hughes was merged into the Raytheon Missile Systems Company ("Raytheon"). In contemplation of the merger, Raytheon acknowledged in an Addendum Agreement by and between the Union and Raytheon dated October 31, 1997, that it was successor to the Agreement with the Union, and that Raytheon would continue to provide company-paid retiree medical coverage in accordance with the terms of the 1996 Agreement.

11. Raytheon and the Union negotiated a new agreement effective October 28, 1999 (the "1999 Agreement"), which provided for various changes, two of which were relevant to the retiree medical coverage under Article XII (formerly Article XIII) of the 1996 Agreement. First, paragraph 1 was amended to provide that for employees retiring after January 1, 2000, dependent coverage would be limited to children 19 years of age, as opposed to 21 years of age. Second, a new paragraph 6 was added to provide retirees with the same medical coverage

available to active employees.  Significantly, Company-paid retiree coverage under Section D remained available to eligible retirees and their spouses until age 65.

12. Effective January 1, 1999, Raytheon modified and replaced the Hughes Retiree Medical Plan with the Raytheon Health Benefits Plan, which Plan provided, in relevant part:

> (a)      Participants' contributions, if any, shall be determined by the Company…. Further, Participants' contributions shall be subject to change by and in the sole discretion of the Company, and each Participant shall be advised in writing of any such change in the amount of such contributions prior to the effective date of such change….

Plan § 5.2(a).

13. Additionally, the Plan provided that the Company reserved the absolute right to amend the Plan and any or all Benefit Programs incorporated therein, including, but not limited to, the right to reduce or eliminate benefits provided pursuant to the provisions of the Plan.

14. Despite the Plan provisions for the Company to make such unilateral modifications in the Plan, Raytheon issued "The Raytheon Retirement Guide for Participants in the Raytheon Non-Bargaining and Bargaining Retirement Plans" (the "Guide").  Consistent with the terms of the Agreement, the Guide stated that the eligible participants and their spouses would receive Company-paid retiree medical coverage.

15. On January 26, 2004, the Company and the Union signed an agreement, effective November 2, 2003, through November 5, 2006 ("2003 Agreement"), which Agreement made two significant changes to retiree medical coverage.  First, a new "Raytheon Retiree Health Benefit Plan" was established for retirees.  Second, Article XIV, Section D, paragraph 4 was amended to provide:

> 4.      For employees retiring under the provisions of the Contributory Option of the Retirement Plan referenced in this Section D, paragraph 1, who retire with annuity start dates on or after July 1, 2004, the retiree medical benefit will be administered as follows:
>
> (a)      Employees who meet these requirements are eligible for a Company contribution of up to $256 per month for an eligible spouse/same-sex domestic partner.  This contribution can only be used to purchase coverage under a Raytheon-sponsored plan.

16. Accompanying the modifications to retiree medical coverage made in the 2003 Agreement, Raytheon issued a notice (the "Notice") stating that effective July 1, 2004, Raytheon will be changing the current retiree medical contribution policy for current and retired former members of the bargaining unit represented by the IAM Local 933 in order to create greater parity between this group and other Raytheon employees. The Notice further stated that beginning in July 2004, current and retired employees would receive a monthly bill from Raytheon.

17. Shortly after the Notice was issued, approximately 200 Union retirees challenged Raytheon's action, arguing that they had a vested right to Company-paid retiree medical coverage until the attainment of age 65, and requested reinstatement of the no-cost coverage promised under the 1993 Agreement and successive Agreements.

18. In a letter dated July 27, 2004, Raytheon rejected the retirees' demand for reinstatement of Company-paid coverage, and stated that the Collective Bargaining Agreement did not prevent the Company from imposing cost-sharing arrangements on retirees because the current Agreement no longer provided such coverage.

## COUNT ONE

### (Violation of the Plan under ERISA)

19. Plaintiffs repeat and reallege each and every allegation contained in the previous paragraphs as if set forth fully herein.

20. Section 502(a)(1) and Section 502(a)(3) of ERISA provide, in pertinent part, as follows: A civil action may be brought –

   (1) by a participant or a beneficiary
      (B) to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan or to clarify his rights to future benefits under the terms of the plan;

. . .

   (3) by a participant, beneficiary or fiduciary
      (A) to enjoin any act or practice which violates any provision of this title of the terms of the plan or
      (B) to obtain other appropriate equitable relief

(i) to redress such violations or

(ii) to enforce any provisions of this title or the terms of the plan.

21. By engaging in the conduct set forth above and by taking action to deprive Plaintiffs of benefits to which they were entitled under the terms of the Plan, including retiree medical coverage as provided in the 1993 Agreement and successive agreements, Defendants wrongfully denied Plaintiffs of benefits due under the terms of the Plan.

22. As a result of the conduct of Defendant alleged herein, Plaintiffs have been injured, have suffered economic harm and have been deprived of the benefits to which they are rightfully entitled under the terms of the Plan. Plaintiffs are entitled to relief under ERISA §§ 502(a)(1)(B) and (a)(3), 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3) restoring their benefits under the Plan and making them whole for all benefits withheld together with pre-judgment interest.

## COUNT TWO

### (Breach of Contract Under LMRA)

23. Plaintiffs repeat and reallege each and every allegation contained in the previous paragraphs as if set forth fully herein.

24. Section 301 of LMRA, 29 U.S.C. § 185(a), provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

25. Raytheon's predecessor, Hughes Missile Systems Company, and the International Association of Machinists and Aerospace Workers Local Old Pueblo Lodge No. 933 (the "Union") entered into an agreement effective October 23, 1993 (the "1993 Agreement"). Article XIII of the Agreement enumerated and provided for various group benefits available to active employees of Hughes and retirees. Specifically, Article XIII, Section D of the Agreement provided for Company-paid retiree medical coverage, and further provided that such coverage extended beyond the term of the Agreement.

26. The Agreement was revised effective October 28, 1996 (the "1996 Agreement"): however, Company-paid retiree coverage under Section D of the 1993 Agreement remained available to eligible employees and their spouses until attainment of age 65. Effective December 12, 1997, Hughes was merged into the Raytheon Missile Systems Company ("Raytheon"). In contemplation of the merger, Raytheon acknowledged in an Addendum Agreement by and between the Union and Raytheon dated October 31, 1997, that it was successor to the Agreement with the Union, and that Raytheon would continue to provide company-paid retiree medical coverage in accordance with the terms of the 1996 Agreement.

27. Raytheon and the Union reached subsequent Collective Bargaining Agreements, effective January 1, 1999, and November 3, 2003, respectively. Accompanying the modifications to retiree medical coverage made in the November 2003 Agreement, Raytheon issued a notice (the "Notice") stating that effective July 1, 2004, Raytheon will be changing the current retiree medical contribution policy for current and retired former members of the bargaining unit represented by the IAM Local 933 in order to create greater parity between this group and other Raytheon employees. The Notice further stated that beginning in July 2004, current and retired employees would receive a monthly bill from Raytheon.

28. Raytheon's unilateral modification of agreements by and between its predecessor, Hughes, and by and between Raytheon and the Union, which agreements provided for Company-paid retiree medical coverage to eligible participants and their spouses and dependents, which prior agreements Raytheon had expressly assumed at the time Raytheon merged with Hughes, constitutes a breach of the collective bargaining agreement by and between Raytheon and the Union in violation of § 301 of the Labor Management Relations Act of 1947, as amended.

29. By engaging in the conduct set forth above and by taking action to deprive Plaintiffs of benefits to which they were entitled under the terms of the Collective Bargaining Agreement of 2003, and its predecessors, including retiree medical coverage as provided in the 1993 Agreement and successive agreements, Defendants wrongfully denied Plaintiffs of benefits due under the terms of the Plan.

30. As a result of the conduct of Defendant alleged herein, Plaintiffs have been injured, have suffered economic harm and have been deprived of the benefits to which they are rightfully entitled under the terms of the Plan. Plaintiffs are entitled to relief under LMRA § 301(a) restoring their benefits under the Plan and making them whole for all benefits withheld together with pre-judgment interest.

WHEREFORE, Plaintiffs demand judgment against the Defendant as follows:

A. Awarding Plaintiffs compensatory damages;

B. Awarding Plaintiffs pre- and post-judgment interest;

C. Awarding Plaintiffs all other damages available under ERISA and LMRA;

D. Awarding Plaintiff his reasonable attorney's fees and costs pursuant to § 502(g) of ERISA, 29 U.S.C. § 1132(g); and

E. Awarding Plaintiff such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this __18th__ day of January, 2006.

LAW OFFICE OF ROBERT M. GREGORY, P.C.

By: ___s/ Robert M. Gregory_____
Robert M. Gregory
*Attorney for Plaintiffs*

ORIGINAL and ONE COPY filed
this __18th__ day of January, 2006, with:

Clerk of the Court
Sandra Day O'Connor U.S. Courthouse
Suite 130
401 West Washington Street, SPC 1
Phoenix, AZ 85003-2218

___s/ Robert Gregory_____